WILLIAM R. BIGELOW, executor, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 14, 15, 1916. — February 28, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway.

If a man eighty-eight years of age, who is a passenger on an open street railway car, when the car is running slowly, following the example of several other passengers, leaves his seat and stands upon the running board, holding on to a post of the car with his left hand and carrying in his right hand a small shopping bag, whereupon the conductor calls out to him to wait until the car stops, and thereafter the car continues to move slowly and passes round a curve where the aged passenger tries to step down to the ground and, falling from the car, sustains injuries which result in his death, in an action against the corporation operating the car for causing his death and conscious suffering, there is no evidence of negligence on the part of the defendant.

In the case described above it was *held* that the act of the conductor in calling out to the passenger to wait until the car stopped reasonably could not be regarded as an invitation to the aged passenger to remain in a dangerous place, nor could it be regarded as a notice that the car was going to stop before it went round a curve.

In the case described above it also was *held* that the facts shown did not indicate a condition of danger which made it the duty of the conductor to stop the car by an emergency signal.

TORT by the executor of the will of John H. Mansfield, late of Winchester, to recover for the death and conscious suffering of the plaintiff's testator alleged to have been caused by injuries sustained by him on August 15, 1914, when he was a passenger on an open electric street railway car operated by the defendant.  Writ dated December 9, 1914.

In the Superior Court the case was tried before *Stevens,* J., who ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*W. R. Bigelow,* executor, *pro se.*

*E. P. Saltonstall,* (*R. S. Pattee* with him,) for the defendant.

RUGG, C. J.   The plaintiff's testator, then eighty-eight years old, was a passenger on August 15, 1914, upon an open car of the defendant as it emerged from the subway and ran slowly along the tracks inside the Public Garden in Boston.  Several passen-

gers arose from their seats and stood upon the running board and some alighted as the car approached Arlington Street. The bill of exceptions states that the testator, who was sitting near the forward end of the car, "got out of his seat when some of the others had done so, and stood on the running board holding to the post of the car with his left hand and carrying in his right hand a small shopping bag; that the car did not stop after emerging from the subway and before reaching Arlington Street, but continued slowly and took the curve at Arlington Street to cross Boylston Street toward St. James Avenue; that just on the middle of the curve, as the car swung on the curve, the deceased fell or lurched from the car . . . and fell to the ground. . . ."

There is no evidence of negligence on the part of the motorman. The car was run slowly all the time. It did not stop. There is nothing to indicate that there was any lurch or unsteadiness of operation in the car, change in rate of its speed, or failure to observe all signals. There is no basis for a finding that at the time in question the Public Garden was a regular stopping place at which the motorman was required to stop the car.

There was no evidence of negligence on the part of the conductor. The first moment, when there can be any contention that he should have acted, was when he saw the testator arise from his seat. He testified that he then called out to him to wait until the car stopped. That cannot be reasonably construed as an invitation to passengers to remain in a dangerous place. Nor is it susceptible of the construction that it was a notice that the car was going to stop before it went round a curve or proceeded across the street. Such words are not a warning that the car is going to stop at a particular time or place.

The conductor did not give the signal for an emergency stop. But it is not a requirement of due care on the part of a conductor of an electric car, in view of the well known habits of travellers on such cars, to give the signal for an emergency stop simply because a passenger advanced in years rises from his seat in an open car and steps on the running board and stands there for a moment with a hold upon a post of the car, even if he ought to do so when there is any appearance of danger or possibility of danger. There is nothing on this record to indicate that conditions of danger existed

in any greater degree than they always do when passengers are standing on a running board. The only testimony about the way the accident happened was that the testator "stepped down on to the running board and then stepped down on to the street and he missed his step," that he "fell," that he "stepped from a car," and that he "fell or lurched from the car," and that he said himself to his son, sometime after the accident, "others were getting off the car and I thought I could." This fails to indicate any duty resting on the conductor to stop the car by the emergency signal. The circumstance that the conductor, after saying, "Wait until the car stops," stepped upon the running board and that by that time the testator had fallen is no indication of negligence.

There is no evidence of negligence of the defendant itself. Conditions of transportation in the neighborhood were somewhat unsettled by the construction of the Boylston Street subway then in progress. On that account the usual route of cars after leaving the Public Garden had been changed for several months. The defendant company cannot be held to be negligent under those circumstances, because it transferred its stopping place for cars from one place to another within a reasonable distance. There is nothing to indicate that the testator, who seems to have been a not infrequent traveller over this line, did not know that the cars had ceased to stop regularly at the Public Garden stop. There was evidence that the stop at the Public Garden was discontinued on July 9, when the defendant stationed men there to notify passengers. If this evidence be disregarded, it does not appear that on the day of the accident the defendant owed any duty in this regard to the testator. Treating all the evidence in the light most favorable to the plaintiff, there is nothing to show negligence on the part of the defendant.

As this is decisive against the right of the plaintiff to recover, the other questions raised need not be considered.

*Exceptions overruled.*